UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRON SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01804 RHH |
| | ) | |
| UNKNOWN SIMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Tyron Shelton's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 3]. Having reviewed the Application, the Court will grant the request and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his administrative remedies. Plaintiff's motion for appointment of counsel will be denied, without prejudice, at this time. [ECF No. 2].

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*. Even if the Court grants in forma pauperis status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not submitted a prison account statement. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## The Complaint

Plaintiff Tyron Shelton, an inmate at St. Louis City Justice Center, filed this action under 28 U.S.C. § 1983 against the City of St. Louis and a Correctional Officer at the Justice Center for alleged civil rights violations. [ECF No. 1].

Plaintiff states in a conclusory manner that at the beginning of November of 2025, he reported to Correctional Officer Unknown Sims that he was "in fear for his safety" at the Justice Center due to threats from other inmates. [ECF No. 1-2]. Plaintiff does not indicate whether he elaborated on what the threats entailed, but he claims he asked to speak to a supervisor, and Officer Sims indicated that no supervisor was immediately available. [ECF No. 1 at 3]. Plaintiff then asked to be moved from his cell, but Officer Sims said no, that there was nowhere to move

Plaintiff at that time. *See id* at 6. Plaintiff states that on November 6, 2025, he was assaulted by several inmates, and this caused injuries to his face and neck. [ECF Nos. 1 at 4 and 1-2]. Plaintiff does not indicate where the assault occurred at the Justice Center. He also fails to indicate if he spoke to other Correctional Officers at the Justice Center relating to the alleged threats he received from other inmates. Plaintiff seeks monetary damages for his alleged injuries in an amount of $2.5 million dollars.

In the section of the form Complaint titled, "Exhaustion of Administrative Remedies/Administrative Procedures," Plaintiff indicates that he failed to file an Institutional Resolution Request (IRR) or grievance with respect to the matters alleged in his Complaint. Rather, he has attached a copy of an "Inmate Concern Form," that he filed on November 8, 2025, relating to the incident on November 6, 2025. [ECF No. 1-2]. Plaintiff admits in the Complaint that an IRR is the first step in the grievance process at the Justice Center, but he states that Justice Center staff often give inmates the Concern Form instead of an IRR in direct contravention of Justice Center policies. [ECF No. 1 at 6]. Plaintiff admits that he did not receive a response to the filing of the Concern Form, and he failed to follow up after filing the Concern Form, i.e., he did not file an IRR or a grievance relative to the events cited in the Complaint. [ECF No. 1 at 6-7]. Thus, it appears that Plaintiff has failed to fully exhaust his administrative remedies with respect to his claims prior to bringing his action to this Court.

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40

(2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicates in the complaint that he failed to file an IRR or grievance regarding the concerns in his Complaint. He asserts that he filed the Concern Form that he was given, but he failed to file an IRR because staff at the Justice Center sometimes utilize the Concern Form instead of an IRR to begin the grievance process. Unfortunately, even if the staff at the Justice Center are utilizing the wrong form to begin the grievance process, Plaintiff is still responsible for pursuing the entirety of the process, i.e., filing the next step in the process, prior to pursuing his claims in Federal Court. He is responsible for pursuing all administrative remedies required under the Prison Litigation Reform Act.

However, prior to dismissing this action, the Court will allow Plaintiff time to respond to this Order to Show Cause to discuss why he failed to properly move through the administrative process at the Justice Center before filing his lawsuit in the District Court. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before filing his lawsuit and had not yet received a formal answer to his grievance). If Plaintiff has indeed exhausted his administrative remedies, in his response to the Court, he must set forth the dates he

filed his IRR(s), grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s) from persons at the St. Louis City Justice Center. Plaintiff should also attach copies of his IRRs, grievances, grievance appeals, and any written responses. If he cannot obtain copies from the institution, Plaintiff must explain what attempts he has made to request these documents. If Plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 2]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be

complex. The Court will entertain future motions for appointment of counsel, if necessary, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $1.00 **within twenty-one (21) days of the date of this Order**. Plaintiff must make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action. Plaintiff must include in his show cause response the dates his IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 2] is **DENIED, without prejudice, at this time.**

Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Dated this 17th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE